UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

```
GEOSTAR CORPORATION, et al.,   )
                               )
     Plaintiffs,               )  Civil Action No. 5:09-249-JMH
                               )
v.                             )
                               )
                               )
AXIS REINSURANCE COMPANY,      )  MEMORANDUM OPINION AND ORDER
                               )
     Defendant.                )
```

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Motion of Defendant Axis Reinsurance Company (hereinafter, "Axis") to Dismiss Plaintiffs' Complaint, Stay, or Transfer This Action [Record No. 20] in favor of a first-filed action by Axis pending the U.S. District Court for the Eastern District of Michigan. Plaintiffs have filed a Response [Record No. 24], stating their objections, and Defendant has filed a Reply in further support of its Motion [Record No. 25]. Plaintiffs have also made a Motion for this Court to Take Judicial Notice [Record No. 27] of a decision rendered by the United States District Court for the Eastern District of Michigan concerning the pendency of a Motion to Transfer before that Court in a case styled *Axis Reinsurance Company v. Geostar Corporation*, *et al.*, Civil Action No. 1:09-cv-12608. No objections to that motion have been filed. The Court being adequately advised, these motions are now ripe for decision.

On July 2, 2009, AXIS filed a Complaint for Rescission and

Declaratory Judgment against GeoStar, Ferguson, Robinson, Parrott, ClassicStar Farms, Inc., First Source Wyoming, Inc., GeoStar Financial Corporation, GeoStar Financial Services Corporation, and others (hereinafter, "GeoStar Insureds") in the United States District Court for the Eastern District of Michigan (Northern Division), No. 1:09-cv-12608. In part in that Complaint, AXIS seeks a declaration that it has no duty to advance defense fees and costs with regard to the litigation concerning the Mare Lease Programs that are the subject of MDL No. 1877, currently pending before this Court, as well as other cases pending in various courts across the country. Axis' Michigan Complaint further seeks "a declaration that its policies should be rescinded or, in the alternative, that there is not coverage under the policies for numerous lawsuits filed against the GeoStar Insureds, many of which are pending before this Court and in active litigation."[1] In the Complaint before this Court, filed twelve days later, GeoStar, Ferguson, Robinson, Parrott, ClassicStar Farms, Inc., First Source Wyoming, Inc., Geostar Financial Corporation, and GeoStar Financial Services Corporation, seek a declaration that Axis has a duty to

---

[1]In the Michigan action, Axis also seeks to rescind its policies based upon alleged misrepresentations by the GeoStar insureds in their applications for insurance. These alleged misrepresentations may be found in financial statements attached to the applications which Axis contends are false because they "included amounts received for Mare Lease Program contracts that could never be fulfilled according to their terms due to insufficient horse inventory." (Axis Compl. at ¶¶ 60 -62, 71-73.)

advance defense fees and costs.[2]

Applying the "first-to-file" rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). The first-to-file rule is, simply stated, a preference that cases involving identical or nearly identical parties and issues filed in two or more federal district courts should generally proceed to judgment in the court where the first suit was filed. *Certified Restoration Dry Cleaning Network, L.L.C., v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007); *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957). By proceeding in accordance with this rule, comity among federal courts of equal rank is encouraged. "'[A]s a principle of sound judicial

---

[2]Having filed the present suit, the GeoStar Insureds have also filed a motion in the Michigan court to transfer Axis's first-filed suit to this Court pursuant to 28 U.S.C. § 1404. They have also requested that the matter pending before the district court in the Eastern District of Michigan be transferred to this Court as part of the Multidistrict Litigation, No. 1877, in a motion pursuant to 28 U.S.C. § 1407(c)(ii). A hearing on the § 1404 motion was adjourned by the district court in Michigan, and, more recently, the Michigan court denied Plaintiff's emergency motion to reconsider its decision to effectively hold any decision on the § 1404 motion in abeyance pending a decision on the motion under § 1407(c)(ii), which remains pending before the Judicial Panel on Multidistrict Litigation at this time. [*See* Record No. 27-2. *See also* Lexington Civil Action No. 07-353-JMH, Record No. 1248.]

administration, the first suit should have priority absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969)).

Accordingly, the question before this Court is whether these two cases involve identical or nearly identical parties and issues, such that application of the first to file rule is appropriate. Plaintiffs would have this Court conclude that the present Complaint raises issues "wholly dissimilar" to those raised in the Michigan action, but the Court declines to do so. True, the Michigan suit covers a very large swathe of ground – including the broader question of whether Axis owes a contractual obligation to its insureds or whether the contract by and between those parties may be lawfully rescinded – compared to the relatively narrow legal inquiry raised by the Complaint before this Court – "while the rescission and coverage issues are being litigated, does Axis have a duty to advance defense costs to its insureds?"[3] Nonetheless, both suits ask the Court to determine whether a duty to defend exists while the rescission and coverage issues are being litigated.

For this Court, there is no doubt that the Michigan action and the present action, filed in two different district courts, involve

---

[3] The Complaint also raises the issue of whether the failure to do so was an instance of bad faith.

nearly identical parties and issues.  Accordingly, the first-filed case should proceed.  Disposition of this case is within this Court's discretion, and the Court is of the opinion that it should be transferred, pursuant to 28 U.S.C. § 1404, to the Eastern District of Michigan for consolidation with the matter pending there.  *Smith v. Sec. Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997).  Regardless of whether that matter is ultimately transferred to this Court upon an order of the Judicial Panel on Multidistrict Litigation or the U.S. District Court for the Eastern District of Michigan, the Court cannot ignore that, applying the "first-to-file rule," this entire action should be decided by whichever court is ultimately charged with handling the case filed in Michigan.

Accordingly, **IT IS ORDERED**:

(1)  that Motion to Take Judicial Notice [Record No. 27] shall be, and the same hereby is, **GRANTED**;

(2)  that the Motion of Defendant Axis Reinsurance Company to Dismiss Plaintiffs' Complaint, Stay, or Transfer This Action [Record No. 20] shall be, and the same hereby is, **GRANTED**;

(3)  that this matter shall be, and the same hereby is, **TRANSFERRED** to the United States District Court for the Eastern District of Michigan, Northern Division, for all further proceedings;

(4)  that this action shall be, and the same hereby is, **STRICKEN** from the active docket of this Court.

This the 29th day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge